Reversed and remanded. We do not retain jurisdiction.

ZEBINA CAMPOS, PETITIONER-APPELLANT, v. UNIVERSAL CHAIN COMPANY, RESPONDENT-APPELLEE.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1978—Decided November 17, 1978.

574

Before Judges Conford, Pressler and King.

*Mr. Bernard A. Kuttner* argued the cause for petitioner-appellant (*Messrs. Kuttner & Toner,* attorneys).

*Mr. George J. Kenny* argued the cause for respondent-appellee (*Messrs. McElroy, Connell, Foley & Geiser,* attorneys).

Per Curiam. Petitioner was struck by an automobile while crossing a street on her way to work. The question before us is whether this is an accident in the course of and arising out of the employment so as to be compensable

under the Workers' Compensation Act. The Division of Workers' Compensation held it was not. The contention of the employer is that the accident is not compensable as the employee was travelling to work when injured. Petitioner contends that her accident occurred within the scope of the employment because the place of the accident was no further from the entrance to the employer's premises than the furthest distance of a parking lot maintained by the employer for the employees to the same entrance.

Petitioner customarily walked to work as she resided some four blocks from the employer's plant. She had no occasion to use the parking lot. She had walked the whole distance from her home on the morning of the accident. The employer's premises front on Burnett Avenue. There is an entrance to the premises on Burnett Avenue, and a driveway leads to the manufacturing building where petitioner worked, a distance approximately 100 feet from the plant entrance. The parking lot for the employees is on the left side of the building (viewed from the street) and does not border on any street. It is therefore unnecessary for any employee using the parking lot to cross a public street going back and forth from the parking lot to the plant. The point of petitioner's accident on Burnett Avenue is approximately 85 feet from the front gate and therefore about 185 feet from the entrance to the building itself.

Petitioner frankly avows reliance upon an "outer perimeter" theory which would automatically blanket within the locale of compensable injury any point located within a circle having a radius equal to the distance from the entrance gate of the premises to the furthermost point of any parking lot provided for employees. Petitioner's reliance is primarily upon *Levine v. Haddon Hall Hotel,* 66 *N. J.* 415 (1975). However, the majority of the court in that case, which was decided by a 4–3 vote, expressly eschewed the establishment of an "outer perimeter" exception. 66 *N. J.* at 420. We therefore will not apply any such theory in this case.

It does appear, however, from the *Levine* case that the Supreme Court was holding, in effect, that all employees who traveled to work by vehicle, whether their own or by public transportation, who were injured at a point no further from the point of entrance to the employment premises than the furthest distance therefrom within a parking lot made available to employees, would be regarded as covered by the compensation act. The present case is obviously distinguishable in that petitioner did not travel to work by vehicle of any nature, but by foot, and therefore the factual complex presented in *Levine* is not here present. There is in our view no rational basis in the present case for relating the point of petitioner's injury to the distance between the entrance gate to the premises and any particular point of the parking lot. To accept petitioner's position would be to create a purely arbitrary and artificial zone of compensability, beyond the contemplation of the act. We do not believe the Supreme Court intends to go that far in this area of the law.

The judgment is affirmed.